# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ENVIRONMENTAL CHEMICAL CORPORATION<br>1240 Bayshore Highway<br>Burlingame, CA 94010<br><br>Petitioner,<br><br>v.<br><br>GOEL SERVICES, INC.<br>6201 Dix Street, NE<br>Washington, DC 20019<br><br>Respondent. | )<br>)<br>)<br>)<br>)  Civil Action No:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITION TO CONFIRM ARBITRATION AWARD
## AND FOR ENTRY OF FINAL JUDGMENT

Petitioner, Environmental Chemical Corporation (ECC), by its undersigned counsel, petitions this Court, pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 9, and Md. Code Ann., Cts. & Jud. Proc. § 3-227, for an Order confirming the award rendered May 27, 2014 ("Award") by the appointed arbitrator, Daniel Margolis, in an arbitration action styled *Goel Services, Inc. v. Environmental Chemical Corporation*, American Arbitration Association ("AAA") Case No. 16-192-Y-002-13 ("Arbitration"). This Petition should be granted and the Award confirmed into judgment because the arbitration was in all respects proper and the Award is final and binding.

### JURISDICTION AND VENUE

1.      Petitioner ECC now is, and at all relevant times was, a corporation organized and existing under Kentucky law, with its principal place of business in California.

2.      Respondent, Goel Services, Inc. ("Goel"), now is, and at relevant times was, a corporation organized and existing under Delaware law, with its principal place of business in the District of Columbia. Goel's resident agent for service of process is: The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, MD 21201. This Court has jurisdiction over respondent Goel for purposes of this proceeding.

3.      This is an action to confirm an Arbitration Award and for entry of Final Judgment based on the award, pursuant to 9 U.S.C. § 9.

4.      This Court's jurisdiction is based on diversity, pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000.00, exclusive of interest, attorney's fees and costs, and the parties to this dispute are citizens of different states.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this Court's judicial district in Prince George's County, Maryland.

FACTUAL AND PROCEDURAL BACKGROUND

6.      Petitioner and Respondent entered into an agreement, entitled "Subcontract Agreement" ("Subcontract"), which provided that the parties would settle any dispute arising out of the Subcontract by arbitration according to the Construction Industry Arbitration Rules of the American Arbitration Association (AAA). The Subcontract involved Goel's provision of asbestos abatement and demolition services in connection with ECC's contract with the United States Air Force for a multi-building demolition project at Joint Base Andrews (hereinafter referred to as the "Project"). A true and accurate copy of the applicable provisions of the Subcontract is attached as Exhibit 1.

7.      On January 4, 2013, during performance of the Subcontract, Goel commenced arbitration by filing an arbitration demand with the AAA against ECC, asserting that the project specifications were defective, and that Goel was entitled to additional payment.  Goel later amended its claim to include a claim for wrongful termination of the subcontract.

8.      On or about March 4, 2013, the AAA appointed Daniel Margolis as the arbitrator ("Arbitrator").  Mr. Margolis is an experienced AAA arbitrator and attorney, with offices located in the District of Columbia.

9.      On April 30, 2013, EEC filed a counterclaim against Goel. ECC sought to recover its excess reprocurement costs and other damages arising from Goel's Subcontract default.

10.     The arbitration was filed pursuant to Section 12 of the Subcontract. True and accurate copies of Goel's demand and ECC's counterclaim are attached as Exhibits 2 and 3.

11.     Section 12 of the Subcontract mandated arbitration as the sole remedy to disputes arising out of the agreement, and provides for the recovery of expenses, including attorney's fees, arising from the arbitration, stating in pertinent part:

> All claims, disputes arising out of, or relating to, this Agreement or the Work shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Association then in effect unless the Parties mutually agree otherwise in writing. This Agreement to arbitrate shall be specifically enforceable under prevailing arbitration law. Subcontract ¶ 12.4.a

> Where the Arbitrator(s) decides that ECC has properly fulfilled the Agreement . . . Subcontractor shall pay all costs and fees, including attorney and arbitration fees, incurred or necessitated by the arbitration proceedings. Subcontract ¶ 12.4.e

> The award rendered by the arbitrator(s) shall be final and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction. Subcontract ¶ 12.6

12.     The parties conducted discovery in the arbitration, including the exchange of project related documentation and itemization of the parties' respective claims.

13.     After reviewing the parties' pre-hearing briefs, the arbitrator conducted an eight-day hearing from October 21, 2013 through October 30, 2013.  By agreement of the parties, the arbitrator bifurcated the issues of liability and damages.

14.     Following the conclusion of the October 2013 hearings, the parties submitted post-hearing briefs.

15.     On February 4, 2014, the arbitrator issued an Interim Award. A true and accurate copy of the final Award is attached as Exhibit 4. The Interim Award addressed Goel's claims for liability against ECC for wrongful and bad faith termination of the Subcontract and ECC's defenses. As specifically stated in the Interim Award, all remaining claims and counterclaims for damages and allocation of costs and expenses were to be determined following an evidentiary hearing.  (Ex. 4, p. 1)  The arbitrator noted that Goel's claim against ECC for breach of the Subcontract for withholding payments due was not addressed in the Interim Award, but would be addressed in the evidentiary hearing to be scheduled.[1] (Ex. 4, p. 3, fn. 1)

16.     In his Interim Award, the arbitrator made numerous findings and conclusions. Specifically, the arbitrator concluded that ECC did not breach the Subcontract, did not fail to act in good faith, and did not terminate Goel's Subcontract in bad faith.  (Ex. 4, pp. 6-7)  The arbitrator also concluded that, "ECC complied with the Subcontract's requirements for terminating GSI's[2] Subcontract

---

[1] Subcontract § 11.1 provides that Goel is entitled to be paid the difference between any amount due Goel for services performed less ECC's damages resulting from Goel's default.  (Ex. 1)

[2] The arbitrator referred to Goel as "GSI," an acronym for Goel Services, Inc.

4

for default," and that "ECC properly and justifiably terminated GSI's Subcontract for default." (Ex. 4, p. 7).

17.     On February 24, 2014, Goel filed with this Court a Petition to Vacate [Interim] Arbitration Award, Stay Arbitration, and for Expedited Review. *See Goel Serv., Inc. v. Env't Chem. Corp.*, Case 8:14-cv-00546-RWT.

18.     On March 10, 2014, Judge Titus held a Motion hearing in which he denied Goel's Petition to Stay Arbitration. *Id.* Thereafter on March 21, 2014, Goel moved to voluntarily dismiss its Petition to Vacate the Arbitration Award. Judge Titus granted dismissal on April 21, 2014.

19.     In the mean time, the arbitration hearing on remaining claims and counterclaims for damages and allocation of costs and expenses occurred March 11-13, 2014.  During the hearing, the arbitrator heard evidence on ECC's damages, and Goel presented evidence it alleged supported its claim for unpaid work.

20.     On May 27, 2014, the Arbitrator issued an award in ECC's favor in the amount of $952,304.08, inclusive of attorney's fees and costs. A true and accurate copy of the final Award is attached as Exhibit 5.

21.     The Award further states: *The above sums are to be paid on or before sixty (60) days from the date of this Award. This Award is in full settlement of all claims and issues submitted to the Arbitrator in this proceeding. All claims not expressly granted herein are denied.* (Ex. 5 at p. 6).

22.     The arbitration award is final and binding.

23.     The Subcontract provides that costs and attorney fees shall be awarded to ECC if legal action is instituted to recover amounts owed by Goel.  Section 13 of the Subcontract's Terms and Conditions provide, in pertinent part:

In the event suit or action is instituted to enforce any right granted herein, the prevailing party shall be entitled to, in addition to the statutory costs and disbursements, a reasonable attorney's fee to be fixed by the trial court and on appeal, if any, similar fees in the appellate court, to be fixed by the appellate court. Subcontract ¶ 13.7

24.     ECC incurred filing fees and reasonable attorney's fees in preparation and submission of this Petition to Confirm Arbitration Award. To the extent Goel contests the Confirmation of this Award into judgment, ECC will incur additional legal fees to which it is entitled to recover under the Subcontract.

THE AWARD SHOULD BE CONFIRMED

25.     The Federal Arbitration Act (FAA), 9 U.S.C. § 9, provides that "within one year after the award is made any party to the arbitration may apply to the court so specified for an order granting the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." Section 9 further states that "if no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." *Id.* Here, the parties entered into an agreement specifying that any award rendered by the arbitrator would be entered upon in accordance with applicable law in any court having jurisdiction. *See* ¶ 6. In this case, the parties agreed to arbitrate their dispute in Maryland. Accordingly, this court has jurisdiction to confirm Petitioner's Arbitration Award into Judgment. *See Doctor's Assocs., Inc. v. Cassarotto*, 517 U.S. 681 (1996) (holding that the purpose of the Federal Arbitration Act is to ensure that private agreements to arbitrate are enforced); *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995) (purpose of the Federal Arbitration Act is to overcome courts' refusals to enforce agreements to arbitrate); *Southland Corp. v. Keating*, 465 U.S. 1, 15-16 (1984) (holding that the Federal Arbitration Act preempts state law and state courts cannot apply state statutes that invalidate arbitration agreements).

26.     Judicial Review of an arbitration award in federal court is "substantially circumscribed." *AO Techsnabexport v. Globe Nuclear Servs. & Supply, Ltd.*, 656 F. Supp. 2d 550, 553-54 (D. Md. 2009) *aff'd sub nom. AO Techsnabexport v. Globe Nuclear Servs. & Supply GNSS, Ltd.*, 404 F. App'x 793 (4th Cir. 2010) (quoting *Three S Delaware, Inc. v. DataQuick Information Systems, Inc.,* 492 F.3d 520, 527 (4th Cir. 2007). In fact, a district court's authority to review an arbitration decision "is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all...." *Id; see also Burchell v. Marsh*, 58 U.S. 344, 349 (1854) (stating the appropriate scope of judicial review is whether the award is the honest decision of the arbitrator, made within the scope of the arbitrator's power, and that a court will not otherwise set aside an award for error); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)) ("Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court' . . . .").

27.     Here, the parties agreed to arbitrate their dispute pursuant to the Subcontract, and in accordance with the Construction Industry Arbitration Rules of the American Association then in effect. *See* ¶¶ 1-7. Having considered the pleadings and other evidence presented at the hearing, the arbitrator determined that Respondent Goel is liable to Petitioner ECC. *See* ¶¶ 16, 20-22. In this case, there are no grounds for vacating, modifying, or correcting the arbitration award enumerated in 9 U.S.C. §§10-11. Accordingly, this court should confirm the Arbitration Award into a Judgment.

PRAYER FOR RELIEF

**WHEREFORE**, Petitioner respectfully requests an order confirming the Arbitration Award into a Judgment for Petitioner ECC against Respondent Goel as follows:

A.     Against Goel, in favor of ECC in the amount of the Arbitration Award of **$952,304.08**

plus statutory interest of 10% per year beginning from July 26, 2014, which is sixty days after the date

of Award, until the date that judgment is satisfied.

B.     Against Goel, in favor of ECC for the cost of this action, including reasonable attorney

fees, as well as such other and further relief as the Court may deem appropriate and just.


Dated: May 28, 2014

                              Respectfully submitted,

                              _____/s/_____
                              Mark R. Berry (Bar No. 15694)
                              PECKAR & ABRAMSON, P.C.
                              2055 L Street N.W., Suite 750
                              Washington, D.C. 20036
                              Tel. (202) 293-8815
                              Fax (202) 293-7994
                              mberry@pecklaw.com
                              *Counsel for Environmental Chemical Corporation*